UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK JOSEPH BAILEY, #970890,          )
                Petitioner,          )
                                           )          No. 2:19-cv-152
-V-          )
                                           )          HONORABLE PAUL L. MALONEY
JACK KOWALSKI,          )
                Respondent.          )
_____)

## ORDER

This is a habeas corpus action brought by state prisoner Derek Bailey. The matter is now before the Court on Bailey's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 3; Objection ECF No. 7), as well as Bailey's motion to stay (ECF No. 10). For the reasons to be stated, the Court will overrule the objection, adopt the R&R as the opinion of the Court, and deny the motion.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Bailey brings one objection to Magistrate Judge Vermaat's R&R: his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d) because the Court should apply equitable tolling. This Court disagrees.

The Sixth Circuit has repeatedly cautioned that equitable tolling relief should be granted sparingly. *See, e.g., Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). It should only be granted if two requirements are met: the petitioner must establish that he has been pursuing his rights diligently, and he must show that some extraordinary circumstance stood in his way and prevented timely filing. *Hall*, 662 F.3d at 749. Generally, a prison transfer alone is insufficient to establish the existence of an "extraordinary circumstance." *See Jones v. United States*, 689 F.3d 621, 627-28 (6th Cir. 2012). And prisoners are not entitled to equitable tolling because they suffered complications resulting from reliance on a fellow inmate. *See Hamilton v. Scutt*, No. 09-12790-BC, 2010 WL 2231904, at *4-5 (E.D. Mich. June 3, 2010) (collecting cases).

A brief review of Bailey's timeline is useful: these facts are taken from Bailey's objection and the attached affidavits. Bailey was aware that any habeas petition had to be filed by July 30, 2019 to be timely. In late 2018 and early 2019, he worked with a fellow inmate, Michael Perkins, to draft his habeas petition. On April 15, 2019, Bailey was transferred to a different prison without his legal papers or petition draft, because those were in Perkins' possession. The two decided that Perkins should finish the draft and send it to the Court. In mid-June 2019, Perkins completed the draft, but the prison would not allow Perkins to use the legal mail or oversized mail systems because the mail did not have Perkins' name on it. To get around this limitation, Bailey enlisted a family friend, Jennifer Way: Way would come to the prison, pick up the materials, and mail them to the Court. But Bailey could not add Way to his visitor list until July 24, 2019. On July 26, she was approved to visit, and she picked up the petition that day. She did not mail the petition until July 31, 2019, and it arrived at the Court on August 1, 2019: two days late.

Bailey argues that this combination of events created the type of "extraordinary circumstance" that warrants application of equitable tolling. The Court disagrees. Bailey essentially faced three complications that led to his late filing: a prison transfer, the use of a fellow inmate, and the use of a third party to mail his petition. Standing alone, none of these are an extraordinary circumstance, and the Court finds that even together, the three do not create an extraordinary circumstance preventing a timely filing. A prisoner entrusts his papers with another prisoner at his own peril. *Id.*, *citing United States v. Cicero*, 214 F.3d 199, 204-05 (D.C. Cir. 2000). Had Bailey kept possession of his own papers, two of the three circumstances could have been avoided. And the Court is reluctant to find that any delay on

Way's part is an extraordinary circumstance, given the Sixth Circuit's clear guidance that the mailbox rule does not apply to habeas petitions mailed through third parties. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) ("A contrary rule would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date. In this manner, prisoners could easily circumvent statutes of limitations."). In sum, the Court finds that no extraordinary circumstance existed that warrants application of equitable tolling.

Even if an extraordinary circumstance existed, the Court finds that Bailey did not demonstrate sufficient due diligence. The Court recognizes that "due diligence" does not mean "maximum feasible diligence." *In re Wogenstahl*, 902 F.3d 621, 629 (6th Cir. 2018). But equitable tolling does require a petitioner to reasonably pursue his rights. *See, e.g., Jones v. Skipper*, No. 19-2413, 2020 WL 7212383, at *2 (6th Cir. July 17, 2020) (finding that Jones had exercised reasonable diligence by contacting multiple people, pursuing prison grievances, and timely sending a letter to the district court explaining that his petition might be late). In this case, it does not appear that Bailey pursued his rights through any official channel: he did not file any formal requests (such as grievances) with the prison seeking the return of his property, nor did he communicate with the Court in any way. Bailey did maintain communication with Perkins and Way, but that was the extent of his diligence. The Court finds this to be insufficient.

For these reasons, the Court finds no error in the R&R. Bailey's objection will be overruled and the R&R will be adopted as the opinion of the Court.

4

Bailey has also filed a motion to stay the present case, asking the Court to hold this case in abeyance while he pursues several new legal theories in state court (ECF No. 10). The Court declines to do so: Bailey has not successfully shown that equitable tolling applies to his delay of a few days, and he makes no attempt to argue that it should apply to the nearly 18-month delay between filing his objection and filing the present motion. Nor does he bring any claims of actual innocence, which would excuse his untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). The Court finds no justification for a stay exists, so this request will be denied.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the September 3, 2019 R&R (ECF No. 3) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 7) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition (ECF No. 1) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:   March 25, 2021                                    /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge

5